### TAUZIEDE et al. v. JUMEL et al.

*(Supreme Court, General Term, First Department. April 17, 1891.)*

PER CURIAM. The settled practice is not to permit cases to be placed upon the calendar after the commencement of the term, which the parties have omitted therefrom. This application is within that practice, and the motion must be denied. See 15 N. Y. Supp. 24.

---

### TAUZIEDE et al. v. JUMEL et al.

*(Supreme Court, General Term, First Department. April 17, 1891.)*

PER CURIAM. It is a fact established in the case that the attorneys representing all the parties were made aware, in April, 1888, that Mr. Wheeler would no longer represent Chambrun as his attorney in the proceedings. After that, Chambrun acted for himself, and with the assistance of Mr. Titus as his counsel. When the copy of the judgment was served in October on Mr. Wheeler it was made with this knowledge. And it does not seem to have been intended for Chambrun, for the admission of service was not taken for him, but for Jumel and others, without anything to indicate that Chambrun was intended to be included among these others. To defeat it or limit the right of appeal, the proof must show clearly that what the law has for that purpose prescribed has been performed; and that has not been in that manner shown. The proceedings of Chambrun in his own behalf may have been, as they probably were, irregular. But after practically acquiescing as the other parties did in the irregularity, it is too late now to take the advantage of it which would be secured by a dismissal of the appeal. The motion will be denied, but without costs. See 15 N. Y. Supp. 24.

---

### TAUZIEDE et al. v. JUMEL et al.

*(Supreme Court, General Term, First Department. April 17, 1891.)*

PER CURIAM. The foundation of this motion to dismiss the appeals is that the necessary printed papers have not been served. Whether that is the fact depends upon the right to include Chambrun's papers as part of the printed book. If they are to be included, then the printed papers have been regularly served. It has been concluded on the motion to dismiss the appeal of Chambrun that no such service of the judgment and notice has been made as limited his time to appeal. And as that was not terminated, it was not irregular to include his papers in the printed book. And this motion must be denied, but without costs. See 15 N. Y. Supp. 24.